# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Boost Oxygen, LLC,**
a Connecticut Limited Liability Company
    *Plaintiff(s)*

Case No: **0:17-cv-05004-PJS-SER**

v.

**Oxygen Plus, Inc.,**
a Minnesota Corporation
    *Defendant(s)*

Settlement and Consent Judgment

---

Esther O. Agbaje
Bar No. 0399145
Barry M. Landy
Bar No. 391307
Ciresi Conlin LLP
225 South 6th Street
Suite 4600
Minneapolis, MN 55402
Telephone: 612-361-8200
E-mail: BML@ciresiconlin.com

**Of Counsel:**
Robert Neuner
Hoffmann & Baron, LLP
6 Campus Drive
Parsippany, New Jersey 07054
Telephone: 973-331-1700
Facsimile: 973-331-1717
E-mail: rneuner@hbiplaw.com

Attorneys for Plaintiff
Boost Oxygen, LLC

David George Johnson
Bar No. 0159396
Oxygen Plus, Inc.
5400 Opportunity Court
Minnetonka, MN 55343
Telephone: 808-936-4289
E-mail: wb4jtt@yahoo.com

Attorney for Defendant
Oxygen Plus, Inc.

## Settlement and Consent Judgment

The parties hereby agree to the entirety of this Settlement and Consent Judgment, the effective date of which is May 15, 2018.

WHEREAS, Boost Oxygen LLC ("Boost Oxygen") is a Connecticut Limited Liability Company that has its principal place of business at 92 Woodmont Street, Milford, Connecticut 06460;

WHEREAS, Oxygen Plus, Inc. ("Oxygen Plus") is a Minnesota Corporation located at 5400 Opportunity Court, Suite 110, Minnetonka, Minnesota 55343;

WHEREAS, Boost Oxygen has filed the complaint in this action alleging that Oxygen Plus has and is infringing Boost Oxygen's U.S. Design Patent D610,250 entitled "Mask" ('250 Patent); has and is engaging in unfair competition and false designation of origin under 15 U.S.C. §1125(a); has and is violating Minnesota's Deceptive Trade Practices Laws, Minnesota Statutes 325D.44; and has and is engaging in common law unfair competition.

WHEREAS, the parties have negotiated in good faith and have reached a settlement of the issues raised in the complaint.

WHEREAS, the parties agree and the Court finds that settlement of the claims alleged in the complaint without further litigation or trial of any issues is fair and reasonable and the entry of this Settlement and Consent Judgment is the most appropriate way of solving the claims alleged in the Complaint.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## Jurisdiction and Venue

The Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338(a), 1338(b) and 15 U.S.C. §1121. Venue is proper pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b).

## Design Patent D610,250 Entitled "Mask"

Boost Oxygen owns Design Patent D610,250 ("'250 Patent"). The '250 Patent is valid and enforceable.

## Infringement

Oxygen Plus is and has been directly infringing and/or inducing others to infringe the '250 Patent by making, using, selling, offering to sell in the United States or importing into the United States, oxygen canisters bearing the name O+ Biggi and including the mask design claimed by the '250 Patent. The infringing mask design, individually, and as part of the O+ Biggi canister are shown in Exhibit A to this Settlement and Consent Judgement.

### Relief to Which Boost Oxygen is Entitled

Oxygen Plus and its officers, agents, employees and those persons in privity with Oxygen Plus are hereby permanently enjoined from further infringing the '250 Patent. Notwithstanding this injunction, Oxygen Plus is hereby granted a limited term license[1] for (a) past sales of the otherwise infringing O+ Biggi canisters and (b) sales of no more than 200,000 otherwise infringing O+ Biggi canisters for one year up to and including May 15, 2019. Of the 200,000 otherwise infringing sales licensed under this Settlement and Consent Judgement, on-line[2] sales may not exceed 35,000 oxygen canisters. Any unsold O+ Biggi oxygen canisters in Oxygen Plus's possession, custody or control after May 15, 2019 shall be destroyed.

### (i) Payments to Boost Oxygen in return for the limited term license granted by Boost Oxygen to Oxygen Plus

(i)   On or before May 15, 2018, Oxygen Plus shall pay Boost Oxygen $75,000.00. This payment is meant to cover Oxygen Plus's past sales of the O+ Biggi oxygen canisters and the sales made by Oxygen Plus in the first six months up to and including November 15, 2018 under the limited term license granted hereunder to Oxygen Plus. To the extent Oxygen Plus continues to sell one or more of the otherwise infringing O+ Biggi canisters after six month or November 15, 2018 as permitted under this Settlement and Consent Judgment, Oxygen Plus shall pay Boost Oxygen an additional monthly license fee on a sliding scale as follows:

| | |
|---|---|
| November 15, 2018 to December 15, 2018 | $10,000.00 |
| December 15, 2018 to January 15, 2019 | $15,000.00 |
| January 15, 2019 to February 15, 2019 | $20,000.00 |
| February 15, 2019 to March 15, 2019 | $25,000.00 |
| March 15, 2019 to April 15, 2019 | $30,000.00 |
| April 15, 2019 to May 15, 2019 | $35,000.00 |

The foregoing additional payments are to be made by the end of the month in which the sales are made.

### Reports and Audits

Within 15 days of the expiration of the first 6 months of the limited term license granted hereunder, *i.e.*, by November 30, 2018, Oxygen Plus shall report to Boost Oxygen its sales of the otherwise infringing O+ Biggi oxygen canisters, including its on-line sales, during such six month period of time. To the extent Oxygen Plus continues to sell the otherwise infringing O+ Biggi canisters after November 15, 2018, Oxygen Plus shall report on a monthly basis the extent of such sales, including the on-line sales, and remit to Boost Oxygen the applicable additional monthly payment. The report and applicable payments shall be made within 15 days of the reporting period, *e.g.*, sales made in the period February 15, 2019 to March 15, 2019 should be reported and a payment of $25,000.00 made by March 30, 2019.

---

[1] As used herein, the term "license" embraces the right to sell, make, use, offer to sell or import the otherwise infringing O+ Biggi oxygen canisters.
[2] As used herein, "on-line" sales means all direct and indirect sales made over the internet.

Should a dispute arise about the accuracy of any such reports, Boost Oxygen may request and Oxygen Plus must agree to an audit of Oxygen Plus's books and records by an independent accountant or auditor. The anticipated audit will include a report that provides an accurate summary of the sales in question. The cost of any such audit will be shared equally by the parties.

### A New Design for the O+ Biggi Mask and Trade Dress

Oxygen Plus has agreed to change the design of the O+ Biggi mask in a way that avoids infringement of Boost Oxygen's '250 Patent and the trade dress of Boost Oxygen's oxygen canisters. A rough sketch of the redesigned O+ Biggi mask is shown in Exhibit B. It is anticipated that in its final form, the redesigned O+ Biggi mask will look even more like the prior art and less like Boost Oxygen's patented mask design. With this understanding, Boost Oxygen has agreed that the redesigned mask would not infringe its '250 Patent and/or its trade dress.

### Oxygen Plus's Violation of Boost Oxygen's Trade Dress

Oxygen Plus's distribution, marketing, promotion, offering for sale and sale of the Oxygen Plus canisters having a two-part construction with a mask design that is virtually identical to Boost Oxygen's patented mask design as shown in Exhibit A constitutes trade dress infringement.

### Relief to Which Boost Oxygen Is Entitled

Oxygen Plus and its officers, agents, employees and those persons in privity with Oxygen Plus are hereby permanently enjoined from using the Boost Oxygen trade dress or any other product design that is confusingly similar to the trade dress of Boost Oxygen's oxygen mask and misrepresenting the nature, characteristics, qualities or geographic origin of their oxygen canisters. Notwithstanding this injunction, compliance with the terms and conditions of the limited term license of Boost Oxygen's '250 Patent granted hereunder shall stay the enforcement of this injunction for the one-year term of the limited term license or when Oxygen Plus's sales of the infringing O+ Biggi oxygen canisters reach 200,000 units, whichever occurs first.

Oxygen Plus and its officers, agents, employees and those persons in privity with Oxygen Plus are hereby ORDERED TO (a) take down from its Website and cease the use of imagery both printed and on-line depicting the infringing O+ Biggi oxygen canisters upon expiration of the one-year term of the limited term license of Boost Oxygen's '250 Patent granted hereunder or when sales of the infringing O+ Biggi oxygen canisters reach 200,000 units, whichever occurs first.

### Dismissal of Counts III and IV

Count III of the Complaint for violation of Minnesota's Deceptive Trade Practices Laws, Minnesota Statutes 325D.44 and Count IV for Common Law Unfair Competition are hereby dismissed.

### Costs and attorney's fees

Each party shall bear its own costs and attorney's fees.

### Binding Effect

The provisions of this Settlement and Consent Judgment shall apply to and be binding on Boost Oxygen, Oxygen Plus and each of their officers, agents, employees and those persons in privity with them.

### Effect of Settlement and Consent Judgment

Upon the entry, the Settlement and Consent Judgment shall resolve Boost Oxygen's claims against Oxygen Plus for Design Patent infringement, trade dress and unfair competition under 15 U.S.C. §1125(a), violation of the Minnesota's Deceptive Trade Practices Laws, Minnesota Statutes 325D.44 and Common Law Unfair Competition, as alleged in the Complaint, and any and all claims that Oxygen Plus may have had or has by way of affirmative defenses and/or counter claims against Boost Oxygen.

### Costs of Suit

Each party shall bear its own costs and attorneys' fees with respect to the matters resolved by this Settlement and Consent Judgment. Should Oxygen Plus subsequently be found by this Court to have violated any of the Terms and Conditions of this Settlement and Consent Judgment, Oxygen Plus may be liable to Boost Oxygen for any costs and attorneys' fees incurred by Boost Oxygen in prosecuting actions against Oxygen Plus for non-compliance with and/or contempt of this Settlement and Consent Judgment.

### Form of Notice

Unless otherwise specified, all Reports, Notices or any other communication directed to or Submitted Under this Consent Decree shall be sent to the Respective Parties at the following address

For Boost Oxygen:
    Robert Neuner, Esq.
    Hoffmann & Baron LLP
    6 Campus Drive
    Parsippany, NJ 07954

For Oxygen Plus:
    David George Johnson
    Bar No. 0159396
    Oxygen Plus, Inc.
    5400 Opportunity Court
    Minnetonka, MN 55343

Service may be made by e-mail or regular mail.

### Retention of Jurisdiction

This Court shall retain jurisdiction of this matter for the purpose of implementing and enforcing the terms and conditions of this Settlement and Consent Judgment and for the purpose of adjudicating all disputes among the parties that may arise under the provisions of this Settlement and Consent Judgment. Such jurisdiction shall not terminate until all requirements of the Settlement and Consent Judgment have been fulfilled and all disputes arising under the Settlement and Consent Judgment have been resolved.

### Signatories/Service

The President of Boost Oxygen and the undersigned officer of Oxygen Plus, Inc. certify that they are fully authorized to enter into the terms and conditions of this Settlement and Consent Judgment and to legally bind the parties to the Settlement and Consent Judgment.

PLAINTIFF

DATED: 5-14-18

By: _____
Robert C. Neuner
President, BOOST OXYGEN, LLC

DEFENDANT

DATED: 5-10-18

By: _____
Christine Warren
President, OXYGEN PLUS, INC.

So Ordered and LET JUDGMENT BE ENTERED ACCORDINGLY.

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

Dated: May 15, 2018

5

# Exhibit A





Exhibit B

