**HOFFMANN & BARON, LLP**
ATTORNEYS AT LAW

4 Century Drive, Suite 300, Parsippany, NJ 07054-4406 | phone: 973.331.1700 | fax: 973.331.1717 | www.hbiplaw.com

Daniel A. Scola, Jr.
James F. Harrington
Salvatore J. Abbruzzese
Glenn T. Henneberger *
Anthony E. Bennett
Steven T. Zuschlag *
John T. Gallagher *
Michael I. Chakansky
Celeste M. Butera *
Wayne L. Ellenbogen

John S. Sopko †
Susan A. Sipos †
Andrea M. Wilkovich †
Alexander G. Vodovozov †*
Stephen J. Brown †
Mark E. Baron †
Matthew J. Solow †

Kevin E. McDermott *
Lauren T. Emr *
Linda D. Chin *
Perry Y. Woo, Ph.D. *
Gie Yoon *
Leila K. Marcovici

*Of Counsel*
Silvana M. Merlino *

*Patent Agent*
Christine E. Dietzel, Ph.D.

*Founding Senior Counsel*
Ronald J. Baron *

*Senior Counsel*
Robert Neuner *

*Not admitted in New Jersey
†Senior Attorney

June 13, 2019

Hon. Patrick J. Schiltz
U.S. District Court
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Case Name:   Boost Oxygen, LLC v. Oxygen Plus, Inc.
Civil Case No.:  17cv5004 (PJS/SER)

Dear Judge Schiltz:

Your Honor noted rhetorically that one would "imagine there must be a million ways to design a mask that doesn't infringe the '250 patent" (Motion Hearing Transcript, May 8, 2019 at 19).  Rather than heed the Court's dictum, Oxygen Plus elected to make only a "slight" change to the infringing O+ Biggi mask design.  (*Id*. at Tr. 15).  The slight change is that the neck of the mask has more of a spherical shape than an angular shape.  It is a meaningless change, one that affects not one bit the salient feature of the patented mask design which is the dramatic and eye-catching cup that extends upwardly from the canister.  Compare the side-by-side photographs of the infringing mask design and the redesigned mask, Exhibit C.

On the facts, Oxygen Plus is a classic "free rider".  It has misappropriated the proprietary design and trade dress of Boost Oxygen's products and product line. By doing so, Oxygen Plus rides freely on Boost Oxygen's identity, reputation and good will.  In the circumstances Boost Oxygen will pursue its motion for contempt of the Settlement and Consent Judgment entered in this case on May 15, 2018.

Boost Oxygen developed its mask in 2008 and applied for and received U.S. Design Patent D610,250 S (Exhibit A hereto) claiming as invention the ornamental design for a mask.  Oxygen Plus dealt with the competitive landscape somewhat

Hon. Patrick J. Schiltz
June 13, 2019
Page 2

differently. Oxygen Plus copied the claimed features of Boost Oxygen's mask in a competitive product, the "O+ Biggi", and was sued by Boost Oxygen for having done so.

The litigation resolved quickly with the entry of a Settlement and Consent Judgment on May 15, 2018 (Exhibit B hereto). The Settlement and Consent Judgment acknowledges the validity and enforceability of Boost Oxygen's '250 Design Patent and its infringement by Oxygen Plus. In exchange for royalty payments, Boost Oxygen allowed Oxygen Plus one year to change the design of the accused "O+ Biggi" oxygen canister mask to a design that did not infringe either Boost Oxygen's design patent or the trade dress of Boost Oxygen's canisters. The relevant provision of the Settlement and Consent Judgment reads:

### A New Design for the O+ Biggi Mask and Trade Dress

Oxygen Plus has agreed to change the design of the O+ Biggi mask in a way that avoids infringement of Boost Oxygen's '250 Patent and the trade dress of Boost Oxygen's oxygen canisters. A rough sketch of the redesigned O+ Biggi mask is shown in Exhibit B. It is anticipated that in its final form, the redesigned O+ Biggi mask will look even more like the prior art and less like Boost Oxygen's patented mask design. With this understanding, Boost Oxygen has agreed that the redesigned mask would not infringe its '250 Patent and/or its trade dress.

(Settlement and Consent Judgment, Ex. B)

Oxygen Plus, through its actions to date, has not produced a mask that does not infringe Boost Oxygen's patent or trade dress. The updated design that Oxygen Plus presented at the hearing to enforce the Settlement and Consent Judgment on May 8, 2019 is a design that remains confusingly similar to Boost Oxygen's patented design. The one "slight" change. (Hearing Tr. at 15) is that the cup of the mask has slightly more of a spherical shape than an angular shape. This change is not discernable when comparing the new Oxygen Plus mask profile to the Boost Oxygen mask profile. The lines that form the new Oxygen Plus mask at the top remain virtually identical to the top of Boost Oxygen's mask.

Hon. Patrick J. Schiltz
June 13, 2019
Page 3

Oxygen Plus has argued that it is free to make the redesigned O+ Biggi mask because a rough sketch of the mask is shown in Exhibit B to the Settlement and Consent Judgment. Stated differently, according to Oxygen Plus, the Settlement and Consent Judgment immunizes it from liability as a patent infringer. The argument was refuted twice by Your Honor during the May 8, 2019 oral argument:

> MR. HANSEN: …But the important thing is there was a redesign, and the redesign is exactly according to Exhibit B of the settlement agreement and consent judgment, which was the allowed redesign. It's the spherical shape.
>
> THE COURT: Well, that's not exactly how the consent judgment is written. I know you've read it. The consent judgment says that your new product can't infringe the '250 patent period. That's the commitment. Then there's this sort of musing about the lines and, you know, and the prior art and further iterations will draw us even closer to the prior art.
>
> MR. HANSEN: Right.
>
> THE COURT: So the actual commitment and the consent judgment is you can't infringe the '250 patent.
>
> MR. HANSEN: Yes, Your Honor.
>
> MR. NEUNER: Just two points, Your Honor, and Your Honor mentioned it, so I'm not adding anything to the conversation, unfortunately. But the consent judgment does say that here's a design that you begin with and then you change it to get closer to the prior art and away from --
>
> THE COURT: Yeah. I didn't read the consent judgment to say that if you design something that meets this drawing, it will not infringe the '250 patent. The commitment there is the new design won't infringe the '250 patent. It refers to this design. It kind of says -- I can't remember the exact language -- we'll do something along these lines and we'll continue to get it closer to the prior art. But that thing, it's one side-view of a -- you couldn't design a mask based on that drawing anyway.

A. The Test for Contempt Proceedings in Patent Infringement Cases

*Tivo, Inc. v. Echo Star Corp.*, 646 F.3d 869, 882-83 (Fed. Cir. 2011) (en banc) clarified the procedural approach courts should take in resolving the issue of contempt in patent cases.

Hon. Patrick J. Schiltz
June 13, 2019
Page 4

The approach is particularly apt in design patent cases. The approach has two parts: the patentee must prove by clear and convincing evidence (a) that a newly accused product is not more than colorably different from the adjudged infringing product and (b) that the newly accused product actually infringes. In comparing the old and new designs, courts should focus on any differences between the features relied upon to establish infringement and their modified counterparts, if any, in the newly accused product. If the differences are significant, as determined by reference to the prior art, then the newly accused product is more than colorably different and contempt proceedings would be inappropriate. If the patented product and new accused product are only colorably different, contempt proceedings would be appropriate.

As Boost Oxygen argued in its briefing supporting the motion to enforce Settlement and Consent Judgment, the differences in Oxygen Plus' design are at best only colorably different from the design found to infringe. On the day of the hearing, Oxygen Plus presented its redesigned mask. The difference between its new mask and its old infringing mask is in the words of Oxygen Plus' counsel "slight.". In the circumstances liability is clear and no reasonable jury could find otherwise. *See TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 883 (Fed. Cir. 2011); *Merial Ltd. v. Cipla Ltd.*, No. 3:07-CV-125 CDL, 2011 WL 2489753, at *12 (M.D. Ga. June 21, 2011), aff'd, 681 F.3d 1283 (Fed. Cir. 2012) (finding that a slight change in a chemical formula was not more than colorably different from the product that was found to be infringed).

Boost Oxygen's position is that Oxygen Plus stop selling the patent infringing mask and make a mask that doesn't look like the Boost Oxygen mask. Finally, Oxygen Plus must pay (i) the remaining $60,000.00 in royalty fees it owes under the Settlement and Consent Judgment for the period between January and March 2019 and (ii) a part, if not all, of its profits in post license termination sales of the O+ Biggi.

Respectfully,

Robert Neuner

RN/alg
Exhibits
cc: Esther O. Agbaje
    Lauren L. Hansen
    Brian A. Dillon